IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                              )<br>            Plaintiff,      )<br>                              )<br>    vs.                       )<br>                              )<br>Angela Burt, Individually and as)<br>Personal Representative of the )<br>**ESTATE OF PATRICIA ANN MAKINS** )<br>**BURT**, Greenwood ENT; Greenwood )<br>Endoscopy Center, Self Regional )<br>Healthcare; Digestive Disease )<br>Group, P.A.,                  )<br>            Defendants.      ) | FINDINGS OF FACT, CONCLUSIONS<br>      OF LAW AND ORDER<br><br>C/A No. 8:07-1707-HFF |

This action is brought by the United States of America to foreclose one real estate mortgage.  Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Angela Burt; Greenwood ENT; Greenwood Endoscopy Center; Self Regional Healthcare; Digestive Group, P.A., I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Greenwood County, South Carolina on July 23, 2007, in Book 59, at Page 102, and defendants were duly served with a copy of the Summons and Complaint as shown by the receipts of Summons and Complaint and the Affidavit of Publication on file herein.  No answer or other defense has been filed by the defendants and default was entered on **July 29, 2008**, in the Office

1

of the Clerk of Court, and no proceedings have been taken by the said defendants since entry of default.

(A) On or about January 20, 1989, for value received, Patricia Burt, (deceased), made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby she promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $2,600.00 with interest from date at the rate of 9 ½% percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $22.00 on February 20, 1989, and equal and successive installments in the sum of $22.00 thereafter on the 20th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

(B) On or about January 20, 1989, for value received, Patricia Burt, (deceased), made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby she promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of

$32,000.00 with interest from date at the rate of 9 ½% percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $266.00 on February 20, 1989, and equal and successive installments in the sum of $266.00 thereafter on the 20th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about January 20, 1989, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Patricia Burt (deceased) executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby she granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Greenwood, State of South Carolina, to-wit:

> All that certain lot of land situate. Lying and being in the County of Greenwood, State of South Carolina, being located on the southern side of Free Town Lane, and designated as Lot No. 9, of Shurlington Subdivision as per plat recorded in Plat book 23, at Page 171B. According to said plat the within described lot is more particularly described as follows: Beginning at a point on Free Town Lane, said point representing the mutual from corner of Lots 9 and 10, and running in an arc along Free Town Lane for a distance of 16.23 feet, thence continuing to run in an arc in a northeasterly direction for a further distance

3

>of 95.56 feet to a point, said point representing the mutual front corner of Lots 8 and 9; thence turning and running along the common border of Lots 8 and 9 in a northwesterly direction for a distance of l82.00 feet to a point; thence turning and running in a northeasterly direction along the common border of Lots 9 and 10 for a distance of 200.00 feet to the point of beginning. Reference is made to the aforesaid plat for a more full and accurate description of said property.
>
>Also a l/28th interest in a well as shown on the aforesaid plat.
>
>This property is subject to restrictions imposed upon Shurlington Subdivision as recorded in the OCC for Greenwood County.
>
>This is the identical property conveyed to Patricia Burt by deed of USA, dated December 20, l988 and recorded on January 23, l989 in the OCC for Greenwood County in Deed Book 336, at page 84l.

The mortgage was duly recorded in the Office of the Clerk of Court for Greenwood County, South Carolina, on January 23, l989, in Book 413, Page 322.

In said mortgage the defendant covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

Patricia Ann Makins Burt died on April 20, 2004 at which time title to the property became vested in her heirs. On May l9,

2004, Angela Burt was appointed Personal Representative of the Estate of Patricia Ann Makins Burt, Case No. 2004-ES-2400219.

The aforesaid note and mortgage is in default and the defendant, Angela Burt, Individually and as Personal Representative of the Estate of Patricia Ann Makins Burt, has failed and refused to reinstate the note account to a current status, although due demand has been made upon her to do so.  The plaintiff has elected to declare the entire amount due upon said note and mortgage, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the note and mortgage aforesaid is the sum of $61,057.00, as of July 28, 2008, with a daily interest accrual thereafter at the rate of $9.6482, as is shown in the Affidavit of Default and Amount Due on file herein.  This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

The defendant, **GREENWOOD ENT**, was made a party to this action by reason of a claim against the estate in the amount of $280.30 dated June 21, 2004.  Said claim is junior in priority to the mortgage lien of the plaintiff.

The defendant, **GREENWOOD ENDOSCOPY CENTER**, is made a party to this action by reason of a claim against the estate in the amount of $81.60, dated June, 2004.  Said claim is junior in

5

priority to the mortgage lien of the plaintiff.

The defendant, **SELF REGIONAL HEALTHCARE**, is made a party to this action by reason of a claim against the estate dated June 14, 2004.  Said claim is junior in priority to the mortgage lien of the plaintiff.

The defendant, **DIGESTIVE DISEASE GROUP, P.A.** is made a party to this action by reason of a claim against the estate in the amount of $117.00, dated June 1004.  Said claim is junior in priority to the mortgage lien of the plaintiff.

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgage foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff.  It is, therefore,

ORDERED:  That defendants, and all persons claiming by, through and under them  be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Greenwood County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **INDEX-JOURNAL**, a newspaper regularly issued and of

general circulation in Greenwood County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder.  The plaintiff may become a purchaser at the sale or any resale.  Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the

United States Marshal.

  <u>IT IS FURTHER ORDERED:</u>  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

 After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor(s) or person(s) to vacate the premises, the Untied States Marshal or Sheriff of the county where the property is located, is authorized and empowered to enter upon the premises, and evict the parties therefrom.  The United States Marshal or Sheriff of the county where the property is located, is also authorized to remove from the premises any furniture or other possession of the mortgagor(s) or persons(s) in possession, and any interference with the activities of the Marshal or Sheriff will be upon pain of contempt of court.

         <u>S/Henry F. Floyd</u>
         UNITED STATES DISTRICT JUDGE

Spartanburg, S. C.

August   4   , 2008